FILED
U.S. District Court
District of Kansas

APR 23 2026

Clerk, U.S. District Court
By_____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEVI SAP NEI THANG, | ) | |
| Plaintiff, | ) | **Case No. 2:26-2231-HLT-ADM** |
| v. | ) | |
| KHUP HLEI MANG | ) | |
| a.k.a. "June Amang", | ) | |
| Defendant. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This action arises from Defendant's unauthorized use of Plaintiff's original photographic work, image, and identity in a YouTube video.

2. Plaintiff personally created the photograph and is the rightful owner of the work, as well as her own image and likeness.

3. Defendant used Plaintiff's image and identity without permission and made Plaintiff the central subject of the video to attract viewers and traffic.

4. Plaintiff submitted a copyright takedown request to YouTube under the Digital Millennium Copyright Act ("DMCA"), resulting in the removal of the infringing video.

5. Defendant filed a counter-notification seeking reinstatement of the video.

6. YouTube has notified Plaintiff that the video will be reinstated unless Plaintiff provides evidence of legal action within approximately ten (10) business days.

7. Plaintiff brings this action to prevent reinstatement and to protect her rights.

1

## II. JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 17 U.S.C. § 501.

9.      This Court has the authority to grant injunctive relief under 17 U.S.C. § 502.

10.     The venue is proper in this district under 28 U.S.C. § 1391.

## III. PARTIES

11.     Plaintiff Levi Sap Nei Thang is an individual and the creator and owner of the original photographic work at issue.

12.     Defendant Khup Hlei Mang, also known as "June Amang," is an individual who published the infringing video on YouTube.

## IV. FACTUAL ALLEGATIONS

13.     Plaintiff created original photographic content protected under U.S. copyright law.

14.     Plaintiff did not grant Defendant permission to use her image, likeness, or content.

15.     Defendant created and published a YouTube video using Plaintiff's image and identity.

16.     The video uses the plaintiff as the central subject to attract attention and increase viewership.

17.     The video was available at:

    http://www.youtube.com/watch?v=oxj47aUhjJE

18.     Plaintiff discovered the unauthorized use and submitted a DMCA takedown request to YouTube.

19.     YouTube removed the video in response to the plaintiff's request.

20.     Defendant submitted a counter-notification seeking reinstatement.

21.     YouTube notified Plaintiff that the video will be reinstated unless legal action is filed within approximately ten (10) business days.

22.     Plaintiff has suffered harm, including:

    a. Loss of control over her image and original work;

2

b. Reputational harm;

c. Risk of continued public exposure and dissemination.

23. The infringing content exploits Plaintiff's identity as the primary subject of the video, increasing visibility and audience engagement at Plaintiff's expense.

## V. CLAIM FOR RELIEF

(Copyright Infringement – 17 U.S.C. § 501)

24. Plaintiff incorporates all preceding paragraphs.

25. Plaintiff is the creator and owner of the original work used in the video.

26. Defendant copied, displayed, and distributed Plaintiff's work without authorization.

27. Defendant's use is not fair use because:

a. The use is not transformative;

b. The work is used to attract attention and viewers;

c. Plaintiff is the central subject of the content;

d. The use harms Plaintiff's rights and control over her work.

28. Defendant's conduct constitutes copyright infringement under 17 U.S.C. § 501.

29. Plaintiff has been damaged and will continue to suffer harm.

## VI. EMERGENCY RELIEF (DMCA DEADLINE)

30. This matter is time-sensitive due to YouTube's counter-notification process.

31. YouTube has informed Plaintiff that the infringing video will be reinstated unless a lawsuit is filed within approximately ten (10) business days.

32. If reinstated, the video will again be publicly accessible and may spread widely.

33. Immediate court intervention is necessary.

## VII. REQUEST FOR INJUNCTIVE RELIEF

34. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

35. Plaintiff will suffer irreparable harm without an injunction, including:

a. Loss of control over her image;

b. Ongoing reputational harm;

c. Continued unauthorized distribution.

36.  Once distributed online, the harm cannot be fully reversed or contained.

37.  Monetary damages are insufficient.

38.  Plaintiff is likely to succeed on the merits.

39.  The balance of equities favors Plaintiff.

40.  An injunction serves the public interest.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Issue a Temporary Restraining Order and Preliminary Injunction preventing Defendant from publishing or reinstating the video;

B.  Order that the YouTube video located at:

http://www.youtube.com/watch?v=oxj47aUhjJE

remain removed and not be reinstated;

C.  Enjoin Defendant from further use of Plaintiff's image, name, or likeness;

D.  Award damages as permitted by law;

E.  Award costs and any other relief the Court deems just and proper.

## IX. JURY DEMAND

41.  Plaintiff demands a trial by jury.

DATED: April 23, 2026

Respectfully submitted,

Levi Sap Nei Thang

10940 Parallel Parkway K, Kansas City, Kansas 66109

Tel: 202 495 0542

New757121@gmail.com

Plaintiff (Pro Se)